965 F.2d 678
 75 Ed. Law Rep. 777
 John MASSEY, Homer B. Sewell, Eunice Lieurance, Donald L.
Esslinger, Kendall E. Anderson, Richard Atkinson, Donald W.
Bailey, David E. Baker, Betty Ann Barnett, Bruce E. Beck,
Linda S. Benedict, Roger Bennett, Robert J. Bevins, Albert
Tice Black, Roy Blassingame, Rebecca Blocker, Linda
Glumenberg, Kenneth A. Bolte, Gerald A. Boschert, Martha M.
Bowen, Paul Brautigam, John Brumett, Daryl D. Buchholz,
William L. Buehler, R. Beth Burke, Charles E. Campbell,
Jerry D. Carpenter, Roy J. Carter, Charles Franklin Chaney,
Robert W. Chapple, Donna R. Chilton, Janet A. Clark, Richard
W. Clark, Donna Clavin, Beverly Coberly, Eldon Cole, Fred E.
Conner, James B. Cook, M. Mike Cooper, Dale D. Cox, Leo L.
Cram, Palma K. Crass, Bill Crews, Eber F. Cude, John Robert
Cusick, Fred Duane Dailey, Don R. Day, Roberta Decocq, Janet
Haney Delcour, Archie L. Devore, Henry F. Dicarlo, Marvin C.
Dobbs, Patrice G. Dollar, Mary Kathryn Barham Dothage, Lyle
V. Ellis, Hildegard G. Etzkorn, Wanda Eubank, Gaylon
Fanning, Phyllis Ann Flanigan, Nancy F. Flood, Owen A. Fox,
Jim Freeman, Barbara Froke, Charles D. Fulhage, Benjamin H.
Gallup, Charles T. Gamble, Sharon K. Gann, Marion E. Gentry,
Allyn Scott Graham, Louis G. Gray, Doris J. Greig, Lowell D.
Hagerman, Larry A. Hale, Stacy Hambelton, Vance Hambelton,
Sherron J. Hancock, Thomas L. Hansen, Lula B. Harper, Karl
L. Hartung, Glenda J. Hawkins, Dorothy Heieie, Norlin A.
Hein, Joanne Heisler, Robert L. Heitmeyer, Marian Hess,
Rodney O. Hexem, Ronald W. Higginbotham, Kermit J. Hildahl,
John A. Hoehne, Gary D. Hoette, Richard G. Hoormann, Arlon
L. Horn, Sharen Hunt, Randall N. Humphrey, Frank E. James,
Richard Janes, Lehman Jennings, Rebecca Ann Jennings, Martin
Johns, Lenard Ray Johnson, Flernoy G. Jones, Philip L.
Kelley, Fannie Johnson-Kendrick, James E. Kennel, Albert L.
Kennett, Paula Kennish, Scott Collin Killpack, Kate King,
Janet Lee Kline, Joseph Koenen, Clemons A. Koenig, Lois M.
Laster, P. Jill Leckrone, Frank N. Letzkus, David L.
Lindell, E. Pauline Lindsey, Donald W. Littrell, Wilma Jean
Lower, Karen Lee Loyd, Robert F. Lukowski, Beryl V. Lycan,
Harlan C. Lynn, John Martin, Jack D. McCall, Ina Lynn
McClain, George W. McCollum, Cynde Ann McDonald, Robert
McGill, Joe G. McVeigh, Nancy Elkins Mense, Karma J.
Metzgar, Patricia D. Miller, Robert G. Miller, Susan Mills,
Harry Minor, Dennis Lee Minzes, Donald Neil Mobley, Gaylord
Moore, John F. Morehead, Byron D. Morrison, Jeanne Morrison,
C.R. Motsinger, Ralph E. Munson, Raymond A. Nabors, Donald
E. Null, Catherine J. Osterling, Jesse Claude Owsley, Einar
W. Palm, Beverly J. Pfeiffer, Dan L. Pherigo, Robert A.
Pierce, II, Kenneth E. Pigg, Ruth Ann Pirch, Ronald L.
Plain, Stanley L. Ponce, Wayne R. Prewitt, James R.
Proskocil, Phillip A. Pulley, John C. Rea, David B. Quarles,
Tony R. Rickard, Rex E. Ricketts, Wendell Roberts, O.L.
Robertson, Charles Rosenkrans, Richard K. Rudel, Walter R.
Rudolph, Charles M. St. Clair, Jim C. Sawyer, Dale H.
Schnarre, Mary Siebert Schroepfer, Robert A. Schultheis,
Homer B. Sewell, Victoria C. Shade, Wayne Shannon, Charles
W. Shay, Harold S. Smith, Patricia Louise Snodgrass, Barry
J. Steevens, Raymond I. Steffens, Mark A. Stewart, Ronald E.
Stoller, Harold Storck, Richard D. Stroade, Ross L.
Swofford, Paul R. Taylor, Robert E. Taylor, James R.
Teegarden, John J.A. Tharp, James O. Thompson, Jack D.
Timmons, Jamie H. Tomek, Sharon Tubbs, Elbert F. Turner,
Linda Jo Turner, Gary Varner, Cathy Dierking Venters, T.
Jean Ward, Glenn Weaver, Phillip M. Weedin, Jack Carl West,
Debby Whiston, Frank Lynn Wideman, Roger Wilcoxson, Beverly
A. Wiles, Abner W. Womack, Ilene P. Workman, J. Allen
Wrather, Floyd E. Wright, Ronald D. Young, Melvin J.
Zielinski, Gerald J. Zumbrunnen, Appellants,
v.
C. Peter McGRATH, Dr., Curators of the University of
Missouri, Eva Louise Frazer, Vice President, UM Board of
Curators, Sam B. Cook, Member, UM Board of Curators, Fred S.
Kummer, Member, UM Board of Curators, John P. Lichtenegger,
Member, UM Board of Curators, Peter H. Raven, Member, UM
Board of Curators, James C. Sterling, Member, UM Board of
Curators, Webb R. Gilmore, Member, UM Board of Curators,
Cynthia B. Thompson, Member, UM Board of Curators and as
Administrator of the University Retirement System, James
McHugh, Member, UM Board of Curators and as Administrator of
the University Retirement System, Paul Matteucci, Member, UM
Board of Curators and as Administrator of the University
Retirement System, John Cozad, Member, UM Board of Curators
and as Administrator of the University Retirement System, Appellees.
 No. 91-3002.
 United States Court of Appeals,
Eighth Circuit.
 Submitted March 12, 1992.
Decided June 4, 1992.
 
 Keith Brunstrum, Jefferson City, Mo., argued (Roger G. Brown and R.L. Veit, appeared on the brief), for appellants.
 William F. Arnet, Columbia, Mo., argued (Nancie D. Aulgur and Marvin E. Wright, appeared on the brief), for appellees.
 Before WOLLMAN and MAGILL, Circuit Judges, and LONGSTAFF,* District Judge.
 WOLLMAN, Circuit Judge.
 
 
 1
 Plaintiffs appeal from the district court's[1] order denying their claim for relief under 42 U.S.C. §§ 1983 and 1988. We affirm.
 
 I.
 
 2
 The University of Missouri operates a retirement plan known as the University of Missouri Retirement Disability and Death Benefit Plan (URS). The URS was established by the Board of Curators of the University in 1958. It is a noncontributory system, with the University contributing 6.56% of the pay of eligible employees to cover the cost of the plan. University employees covered by the URS also participate in the federal Social Security system.
 
 
 3
 Plaintiffs are employees of the Extension Division of the University. By virtue of their federal appointments through the Department of Agriculture, plaintiffs, and other employees within the Extension Division, participate in the United States Civil Service Retirement System (CSRS). Plaintiffs currently contribute 7% of their salaries to the CSRS (exclusive of their contributions for Medicare coverage), and the University contributes a like amount. As participants in the CSRS, plaintiffs do not receive credit under the Social Security system for their years of service with the University.
 
 
 4
 At the time the URS was established, the University determined that because employees of the Extension Division were already covered by a retirement system, they would not be entitled to credit towards retirement benefits under the URS.
 
 
 5
 The URS remained largely unchanged from 1958 until 1989, when the University considered making significant changes in the plan. At that time, the University received a request from a group of Extension Division employees that the URS be amended to enable them to receive credit under the URS for their past years of service with the University, notwithstanding the fact that they had already received credit for that service under the CSRS. In response to this request, the University asked its actuarial consultants to determine the cost of allowing the employees of the Extension Division to receive the requested credit. The consultants responded that the cost would be approximately $3.5 million per year for twenty years. The consultants also advised the University that a comparison of all features of the two systems (CSRS versus URS plus Social Security benefits) revealed that the two systems were approximately equal in value. Accordingly, the University decided that in the light of the limited financial resources available to it, it would be unfair to the thousands of other employees of the University to grant URS credit to the employees of the Extension Division. Accordingly, the requested change in the URS was denied.
 
 
 6
 Plaintiffs then brought this action against the University, alleging, among other things, that the University's decision to exclude them from receiving credit for service for URS benefits deprives them of their constitutional right to equal protection of the law. This claim is based on the fact that a University employee who retires at age sixty-five with URS and Social Security benefits will receive greater retirement income than a similarly situated employee retiring under the CSRS.
 
 
 7
 The district court granted summary judgment in favor of the University, concluding that the University had a legitimate interest in preserving the fiscal integrity of the URS and that the prohibition against allowing CSRS employees to receive service credit under both plans was rationally related to this interest. The district court stated that:
 
 
 8
 In the present case, defendants could have reasonably believed that the University of Missouri needed a retirement system to attract and retain qualified personnel. Additionally, it was reasonable to conclude that such a system was not needed for those employees qualified to receive Civil Service System retirement benefits. Moreover, defendants have a legitimate interest in preserving the funds from which benefits are paid by not allowing Civil Service employees credit [under the URS] for services for which such employees receive Civil Service System credits.
 
 
 9
 On appeal, plaintiffs argue that the district court erred in finding that the University's classification of employees for retirement purposes is rationally related to a legitimate government interest.
 
 II.
 
 10
 Purely economic classifications will be upheld if they are rationally related to a legitimate governmental interest. United States Railroad Ret. Bd. v. Fritz, 449 U.S. 166, 101 S.Ct. 453, 66 L.Ed.2d 368 (1980). Moreover, because the different treatment accorded by the URS to the plaintiffs does not involve a suspect classification or impinge upon fundamental rights, a presumption of rationality attaches to the retirement classification at issue. Hodel v. Indiana, 452 U.S. 314, 331, 101 S.Ct. 2376, 2386, 69 L.Ed.2d 40 (1981).
 
 
 11
 Plaintiffs argue that because their exclusion from credited service under the URS is arbitrary and irrational, the exclusionary scheme must be struck down even under the most deferential standard of review. See Bankers Life & Casualty Co. v. Crenshaw, 486 U.S. 71, 108 S.Ct. 1645, 100 L.Ed.2d 62 (1988). We disagree, for it was neither arbitrary nor irrational for the University to conclude that it needed to provide a retirement plan for those employees who were not entitled to participate in the CSRS. Similarly, it was not irrational for the University to conclude that, in the interest of preserving University funds and maximizing limited resources, it should not allow plaintiffs to receive credit under two separate retirement systems.
 
 
 12
 Plaintiffs maintain, however, that the Constitution, at a minimum, requires a rough equality in treatment of similarly situated persons, citing Allegheny Pittsburgh Coal Co. v. County Commission of Webster County, 488 U.S. 336, 109 S.Ct. 633, 102 L.Ed.2d 688 (1989). Accepting for the purposes of this case that this is the appropriate constitutional standard to be met, we conclude that the URS meets this standard, because both plans are roughly equal in the overall benefits provided to their respective beneficiaries.
 
 
 13
 Alexander Sussman, who began working as the University's consulting actuary in 1975, performed a comparison of the two retirement plans. He compared the pension income that plaintiffs would receive under the CSRS and URS at retirement ages fifty-five, fifty-eight, sixty, sixty-two, and sixty-five. He concluded that the CSRS would provide greater pension income at every retirement age except sixty-five. He further determined that the CSRS provides superior benefits in the areas of spousal death benefits, pre-retirement spousal benefits, ability to withdraw contributions, and disability benefits. Accordingly, he concluded that although the two plans are very close in value, the CSRS constituted the more valuable benefit. In light of this evidence, which we find to be uncontradicted by plaintiffs' showing, the district court did not err in concluding that plaintiffs had failed to establish a claim of disparate treatment within the meaning of the equal protection clause.
 
 
 14
 Plaintiffs' remaining argument is rejected as being without merit.
 
 
 15
 The judgment of the district court is affirmed.
 
 
 
 *
 The Honorable Ronald E. Longstaff, United States District Judge for the Southern District of Iowa, sitting by designation
 
 
 [1]
 The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri